IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CV 114-194 |
| | * | |
| $15,925.00 in U.S. CURRENCY | * | |

**O R D E R**

This is a civil forfeiture action arising out of a March 27, 2014 traffic stop in which the Taliaferro County Sheriff's Office found Tonya Renee Salatino and Robbie Lee Bufkin to be in possession of cocaine, marijuana, and $15,925.00 ("the Defendant Currency"). Following federal adoption, agents of the Drug Enforcement Administration ("DEA") administratively seized for forfeiture the Defendant Currency. On October 7, 2014, the Government filed this civil forfeiture action pursuant to 18 U.S.C. §§ 981(a)(1)(A) & (C) and 21 U.S.C. §§ 881(a)(6). Mr. Bufkin and his sister, Tanisha Bufkin, timely filed verified claims to the Defendant Currency approximately one month later. (Docs. 7, 8.)

Mr. Bufkin now moves under 18 U.S.C. § 981(g)(2) for a stay of the instant case to preserve his Fifth Amendment right against self-incrimination in his ongoing criminal prosecution for similar conduct in the Superior Court of Taliaferro County,

Georgia. (Doc. 12, ¶¶ 1, 3.) Mr. Bufkin has entered a plea of "not guilty" in that case, but a trial date has not been set. (Id. ¶ 3.)

The Court recognizes that neither the Government nor Mr. Bufkin has responded to the instant motion to stay, and thus pursuant to the Local Rules, the Court could deem it unopposed. L.R. 7.5, SDGa. ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.") It is also undisputed that Mr. Bufkin has met the standards for stay set forth in §§ 981(g)(2)(A) and (B).

Mr. Bufkin's request, however, does not meet the § 981(g)(2)(C) requirement that "continuation of the forfeiture proceedings will burden the right of the claimant against self-incrimination in the related investigation or case." "[A] blanket assertion of the privilege is no defense to [a] forfeiture proceeding," and more importantly, "is an inadequate basis for the issuance of a stay." United States v. Lot 5, Fox Grove, Alachua Cnty., Fla., 23 F.3d 359, 364 (11th Cir. 1994) (citations omitted). "Rather, a court must stay a civil proceeding pending resolution of a related criminal prosecution only when 'special circumstances' so require in the 'interests of justice.'" Id. (citing United States v. Kordel, 397 U.S. 1, 12 & n. 27 (1970)). Although the Court can imagine many dilemmas that Mr. Bufkin may face in seeking to prove that the

2

Defendant Currency was not forfeitable, he has not put forth any evidence or argument showing how he would be prejudiced by continuation of the forfeiture action while he is the target of a parallel criminal proceeding. Id. at 364-65; see also United States v. Premises Located at Route 13, 946 F.2d 749, 756-57 (11th Cir. 1991). Without more, Mr. Bufkin's mere recitation that the case should be stayed in order to protect his right against self-incrimination is without merit.

Upon due consideration, therefore, the Court **DENIES WITHOUT PREJUDICE** Claimant Robbie Lee Bufkin's motion to stay. (Doc. 12.) If Mr. Bufkin wishes to present more particularized grounds on which the stay is warranted, he shall have **FOURTEEN (14) DAYS** from the date of this Order to renew the motion.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of December, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA